Chris Gibson (SBN 73353)
BOUTIN DENTINO GIBSON DI GIUSTO HODELL INC.
555 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:   (916) 321-4444
Facsimile:    (916) 441-7597

Greer N. Shaw (SBN 197960)
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone:   (213) 680-8400
Facsimile:    (213) 680-8500

Attorneys for Plaintiffs
Steven F. Reiber and Mary L. Reiber

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| Steven F. Reiber and Mary L. Reiber,<br><br>Plaintiffs,<br><br>vs.<br><br>Western Digital Corp., Seagate Technology, Toshiba America Information Systems, Inc., Hewlett-Packard Company, and Dell Inc.<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR INFRINGEMENT OF UNITED STATES PATENT NUMBERS 6,354,479; 6,651,864; and 6,935,548**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Steven F. Reiber and Mary L. Reiber (the "Reibers") bring this Complaint against Western Digital Corp. ("Western Digital"), Seagate Technology ("Seagate"), Toshiba America Information Systems, Inc. ("Toshiba"), Hewlett-Packard Company ("Hewlett-Packard"), and Dell Inc. ("Dell") (collectively, the "Defendants") for injunctive relief and for damages to remedy Defendants' infringement of United States Patent Nos. 6,354,479; 6,651,864; and 6,935,548. Steven F. Reiber also asserts a claim against Western Digital for misappropriation of

trade secret.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Mr. Reiber's claim for relief pertaining to Western Digital's misappropriation of trade secret, arising under California law, because this claim for relief forms part of the same case or controversy.

2. This Court has personal jurisdiction over the Defendants because, on information and belief, they sell and offer to sell infringing products in this District.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b). The Reibers reside and have their principal place of business in this District. Also, on information and belief, Defendants offer to sell and sell the infringing products in this District.

## NATURE OF THE ACTION

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and misappropriation of trade secret under California Civil Code § 3426 et seq.

## THE PARTIES

5. The Reibers reside in this District, having their principal place of business at 867 Mossy Ridge Lane, Lincoln, California.

6. On information and belief, Western Digital is a Delaware corporation with its principal place of business at 20511 Lake Forest Drive, City of Lake Forest, California. On information and belief, Western Digital has hard disk drive manufacturing operations in Malaysia and Thailand. On information and belief, Western Digital manufactures hard disk drives outside the United States and imports them into the United States for sale and offer for sale, including for sale in this District.

7. On information and belief, Seagate is organized or incorporated under the

laws of the Cayman Islands, with its principal place of business at 920 Disc Drive, Scotts Valley, California. On information and belief, Seagate has hard disk drive manufacturing operations in China, Malaysia, and Thailand. On information and belief, Seagate manufactures hard disk drives outside the United States and imports them into the United States for sale and offer for sale, including for sale in this District.

8. On information and belief, Toshiba is a California corporation with its principal place of business at 9740 Irvine Blvd., Irvine, California. On information and belief, Toshiba manufactures hard disk drives outside the United States and imports them into the United States for sale and offer for sale, including for sale in this District.

9. On information and belief, Hewlett-Packard is a Delaware corporation with its principal place of business at 3000 Hanover Street, Palo Alto, California. On information and belief, Hewlett-Packard manufactures products, including personal computers, that contain hard disk drives manufactured outside the United States by Seagate and Western Digital. On information and belief, Hewlett-Packard imports such products into the United States for sale and offer for sale, including for sale in this District.

10. On information and belief, Dell is a Delaware corporation with its principal place of business at One Dell Way, Round Rock, Texas. On information and belief, Dell manufactures products, including personal computers, that contain hard disk drives manufactured outside the United States by Seagate and Western Digital. On information and belief, Dell imports such products into the United States for sale and offer for sale, including for sale in this District.

**THE PATENTS IN SUIT**

11. On March 12, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,354,479 (the "'479 patent"), entitled "Dissipative Ceramic Bonding Tip." A true and accurate copy of the '479 patent is

3

attached hereto as **Exhibit A**. Steven F. Reiber and Mary L. Reiber are the named inventors of, and are the owners of, the '479 patent.

12. On November 25, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,651,864 (the "'864 patent"), entitled "Dissipative Ceramic Bonding Tool Tip." A true and accurate copy of the '864 patent is attached hereto as **Exhibit B**. Steven F. Reiber and Mary L. Reiber are the named inventors of, and are the owners of, the '864 patent.

13. On August 30, 2005, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,935,548 (the "'548 patent"), entitled "Dissipative Ceramic Bonding Tool Tip." A true and accurate copy of the '548 patent is attached hereto as **Exhibit C**. Steven F. Reiber and Mary L. Reiber are the named inventors of, and are the owners of, the '548 patent.

14. In general terms, the patents-in-suit are directed to dissipative bonding tips used to form electrical connections, and methods of using such tips. The patented tips and methods enable bonding of delicate electronic devices while avoiding damage caused by electrostatic discharge. Such damage is avoided because the patented dissipative tips conduct electricity at a rate sufficient to prevent electrostatic charge buildup, but are sufficiently resistive as to prevent damage to the device being bonded.

15. The dissipative bonding tips claimed by the patents-in-suit are used in the manufacture of hard disk drives. In particular, the tips are used to electrically interconnect disk drive heads and preamplifiers.

16. By virtue of the patents-in-suit, the Reibers have the exclusive right to exclude others from making, importing into the United States, using, offering to sell, or selling the articles claimed therein and articles made by the methods claimed therein. The Reibers have not licensed or otherwise authorized any Defendant to make, import, use, offer to sell, or sell the articles claimed in these patents, and have not licensed or otherwise authorized any Defendant to practice the methods claimed in these patents.

### DEFENDANTS' INFRINGEMENT

17. On information and belief, Western Digital, Seagate, and Toshiba (collectively, the "Hard Disk Drive Defendants"), without authority, import into the United States and/or offer to sell and sell within the United States, including within this District, products, including hard disk drives, made by one or more methods claimed by the '479 patent, the '864 patent, and the '548 patent.

18. On information and belief, Hewlett-Packard, Dell, and Toshiba (collectively, the "PC Defendants"), without authority, import into the United States and/or offer to sell and sell within the United States, including within this District, products, including personal computers, containing hard disk drives made by one or more of the Hard Disk Drive Defendants using one or more methods claimed by the '479 patent, the '864 patent, and the '548 patent.

19. At least as early as upon service of this Complaint, Defendants have actual knowledge of the '479 patent, the '864 patent, and the '548 patent, and their infringement thereof. Western Digital had actual knowledge of the '479 patent at least as of January 30, 2003. Moreover, on information and belief, Western Digital had notice of its infringement of the aforementioned patents and has been willfully infringing the patents at least as of October 26, 2006.

20. The hard disk drives incorporated into the products of the PC Defendants, including computers, are not trivial and non-essential components of such products.

### COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 6,354,479

21. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 20 of this Complaint.

22. On information and belief, each of the Hard Disk Drive Defendants has infringed and continues to infringe the '479 patent by importing into the United States and/or offering to sell, selling, and/or using within the United States, products, including hard disk drives, which are made by one or more methods claimed by the

5

'479 patent, in violation of 35 U.S.C. § 271(g).

23. On information and belief, each of the PC Defendants has infringed and continues to infringe the '479 patent by importing into the United States and/or offering to sell, selling, and/or using within the United States, products, including personal computers containing hard disk drives made by one or more of the Hard Disk Drive Defendants using one or more methods claimed by the '479 patent, in violation of 35 U.S.C. § 271(g).

24. On information and belief, Defendants will continue to infringe the '479 patent unless and until they are enjoined by this Court.

25. Western Digital had actual knowledge of the '479 patent at least as of January 30, 2003. On information and belief, Western Digital had notice of its infringement of the '479 patent and has been willfully infringing the patent at least as of October 26, 2006. Also, on information and belief, at least as early as upon service of this Complaint, the Defendants are willfully infringing the '479 patent.

26. Defendants' infringement of the '479 patent has caused and is continuing to cause the Reibers irreparable harm, which is not fully compensable by money damages. The Reibers will suffer further irreparable harm, for which they have no adequate remedy at law, unless and until Defendants are enjoined.

27. Defendants' infringement of the '479 patent has caused, and is continuing to cause, the Reibers to incur money damages, the precise amount of which cannot be determined at this time.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 6,651,864

28. The Reibers reallege and incorporate by reference the allegations contained in paragraphs 1 through 27 of this Complaint.

29. On information and belief, each of the Hard Disk Drive Defendants has infringed and continues to infringe the '864 patent by importing into the United States and/or offering to sell, selling, and/or using within the United States, products,

including hard disk drives, which are made by one or more methods claimed by the '864 patent, in violation of 35 U.S.C. § 271(g).

30. On information and belief, each of the PC Defendants has infringed and continues to infringe the '864 patent by importing into the United States and/or offering to sell, selling, and/or using within the United States, products, including personal computers containing hard disk drives made by one or more of the Hard Disk Drive Defendants using one or more methods claimed by the '864 patent, in violation of 35 U.S.C. § 271(g).

31. On information and belief, Defendants will continue to infringe the '864 patent unless and until they are enjoined by this Court.

32. On information and belief, Western Digital had notice of its infringement of the '864 patent and has been willfully infringing the patent at least as of October 26, 2006. Also, on information and belief, at least as early as upon service of this Complaint, Defendants are willfully infringing the '864 patent.

33. Defendants' infringement of the '864 patent has caused and is continuing to cause the Reibers irreparable harm, which is not fully compensable by money damages. The Reibers will suffer further irreparable harm, for which they have no adequate remedy at law, unless and until Defendants are enjoined.

34. Defendants' infringement of the '864 patent has caused, and is continuing to cause, the Reibers to incur money damages, the precise amount of which cannot be determined at this time.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 6,935,548

35. The Reibers reallege and incorporate by reference the allegations contained in paragraphs 1 through 34 of this Complaint.

36. On information and belief, each of the Hard Disk Drive Defendants has infringed and continues to infringe the '548 patent by importing into the United States and/or offering to sell, selling, and/or using within the United States, products,

including hard disk drives, which are made by one or more methods claimed by the '548 patent, in violation of 35 U.S.C. § 271(g).

37. On information and belief, each of the PC Defendants has infringed and continues to infringe the '548 patent by importing into the United States and/or offering to sell, selling, and/or using within the United States, products, including personal computers containing hard disk drives made by one or more of the Hard Disk Drive Defendants using one or more methods claimed by the '548 patent, in violation of 35 U.S.C. § 271(g).

38. On information and belief, Defendants will continue to infringe the '548 patent unless and until they are enjoined by this Court.

39. On information and belief, Western Digital had notice of its infringement of the '548 patent and has been willfully infringing the patent at least as of October 26, 2006. Also, on information and belief, at least as early as upon service of this Complaint, Defendants are willfully infringing the '548 patent.

40. Defendants' infringement of the '548 patent has caused and is continuing to cause the Reibers irreparable harm, which is not fully compensable by money damages. The Reibers will suffer further irreparable harm, for which they have no adequate remedy at law, unless and until Defendants are enjoined.

41. Defendants' infringement of the '548 patent has caused, and is continuing to cause the Reibers to incur money damages, the precise amount of which cannot be determined at this time.

## COUNT IV
## MISAPPROPRIATION OF TRADE SECRET AGAINST WESTERN DIGITAL

42. The Reibers reallege and incorporate by reference the allegations contained in paragraphs 1 through 41 of this Complaint.

43. On or about January 22, 2006, Mr. Reiber not only disclosed to Western Digital his confidential design of a dual-headed bonding tip, including the material

8

used to make such tips and characteristics of the tips, but also provided Western Digital a sample of the dual-headed bonding tip for testing. Also, Mr. Reiber explained the benefits that would flow to Western Digital from using such tips. Mr. Reiber made the above disclosure to Western Digital with the mutual understanding that the information and the tool were confidential and were to be used by Western Digital solely to evaluate whether it was interested in qualifying Mr. Reiber's dual-headed tips.

44. Mr. Reiber's patent application for his multi-headed bonding tip was published on April 6, 2006.

45. On information and belief, Western Digital disclosed Mr. Reiber's confidential dual-tip design to Gaiser Tool Company ("Gaiser"), a competitor of Mr. Reiber, sometime between January 22, 2006 and April 6, 2006. On information and belief, Gaiser used this proprietary information to develop for Western Digital dual-headed bonding tips.

46. On or about April 25, 2006, during a visit to Western Digital's premises in Thailand, Mr. Reiber observed the use of a dual-headed bonding tip by Western Digital's employees. In June 2006, Western Digital informed Mr. Reiber that it was no longer interested in purchasing dual-headed bonding tips from him.

47. The dual-headed bonding tip design was proprietary to Mr. Reiber. Moreover, at least until the publication of Mr. Reiber's multi-headed bonding tip patent application on April 6, 2006, this information was not generally known in the industry, to the public, or to other persons who could obtain economic value from its disclosure or use. This information was the subject of reasonable efforts by Mr. Reiber to maintain its secrecy and it derived independent economic value from not being generally known. The dual-headed bonding tip design constitutes a "trade secret" under California Civil Code § 3426.1.

48. Western Digital was obligated to maintain the secrecy of Mr. Reiber's trade secrets. Notwithstanding this, on information and belief, Western Digital

9

disclosed the protected information to Gaiser in violation of California Civil Code § 3426 et seq.

49. By reason of the above alleged acts and conduct of Western Digital, Mr. Reiber suffered damages by virtue of Gaiser obtaining a head start in its design and manufacture of the dual-headed bonding tip. Moreover, Western Digital also gained a head start in its use of Gaiser's dual-headed bonding tips.

50. Mr. Reiber seeks compensation from Western Digital, including, but not limited to, recovery of actual damages, reasonable royalty, as well as gains, profits, advantages, and unjust enrichment that Western Digital has obtained as a result of its wrongful acts as described herein in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Reibers respectfully request that this Court:

(1) enter judgment that the Hard Disk Drive Defendants are liable for infringement of the '479 patent, the '864 patent, and the '548 patent;

(2) enter judgment that the PC Defendants are liable for infringement of the '479 patent, the '864 patent, and the '548 patent;

(3) enter an order preliminarily and permanently enjoining Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '479 patent, the '864 patent, and the '548 patent;

(4) award damages in an amount sufficient to compensate the Reibers for Defendants' infringement;

(5) award prejudgment and post judgment interest on the damages caused by Defendants' infringement;

(6) treble damages awarded to the Reibers upon finding that the Defendants have willfully infringed at least from the date of service of this complaint and upon finding that Western Digital has willfully infringed at least from October

26, 2006, when it was provided notice of its infringement of the '479 patent, the '864 patent, and the '548 patent;

   (7) declare this case to be "exceptional" under 35 U.S.C. § 285 and award the Reibers their reasonable attorneys' fees, expenses, and costs incurred in this action;

   (8) award compensatory damages, statutory damages, restitution, and unjust enrichment according to proof at trial for Western Digital's misappropriation of Mr. Reiber's trade secret in violation of California Civil Code § 3426 et seq.; and

   (9) award the Reibers such other and further relief as this Court deems just and proper.

DATED: September 10, 2007     Respectfully submitted,


                /s/   Chris Gibson

Chris Gibson
BOUTIN DENTINO GIBSON DI GIUSTO HODELL INC.
555 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 321-4444
Facsimile: (916) 441-7597

Greer N. Shaw
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Plaintiffs
Steven F. Reiber and
Mary L. Reiber

## DEMAND FOR JURY TRIAL

The Reibers hereby demand a jury trial on all issues so triable.

DATED: September 10, 2007              Respectfully submitted,


                                       ___/s/___  Chris Gibson


                                       Chris Gibson
                                       BOUTIN DENTINO GIBSON DI
                                       GIUSTO HODELL INC.
                                       555 Capitol Mall, Suite 1500
                                       Sacramento, California 95814
                                       Telephone:  (916) 321-4444
                                       Facsimile:   (916) 441-7597

                                       Greer N. Shaw
                                       KIRKLAND & ELLIS LLP
                                       777 South Figueroa Street
                                       Los Angeles, California 90017
                                       Telephone:  (213) 680-8400
                                       Facsimile:   (213) 680-8500

                                       Attorneys for Plaintiffs
                                       Steven F. Reiber and
                                       Mary L. Reiber